OPINION
{¶ 1} Appellant, Ruthie B., Inc., appeals from the September 3, 2003 judgment of the Franklin County Court of Common Pleas affirming the Ohio Liquor Control Commission's revocation of appellant's liquor license. For the reasons stated below, we affirm.
 {¶ 2} According to appellant's complaint, this controversy began in April 1999, when Tamara Fine ("Ms. Fine"), President of Ruthie B., Inc., signed a lease with West Coast Investments. However, according to Ms. Fine, she could not provide West Coast Investments with the license because of estate problems with her former partner, Charles Edward Beaty ("Mr. Beaty"), who died in 1997.
 {¶ 3} In April 2000, Ms. Fine acquired all of the appellant's stock.
 {¶ 4} In June 2001, the Springdale Police Department and the Division of Liquor Control ("Division") launched an investigation into the operation of appellant for possible false ownership. After investigating, it was discovered that appellant had entered into a lease with West Coast Investments, Inc. in October 1999. The Springdale Police Department and the Division alleged the lessee West Coast Investments, Inc., was operating appellant's premises in Glendale.
 {¶ 5} On August 3, 2001, the Division issued a citation to appellant for false ownership as the result of the investigation, in violation of R.C. 4303.27, 4303.29, and 4303.293.
 {¶ 6} Around October 5, 2001, Ms. Fine filed a stock transfer application with the Division. Ms. Fine completed the stock transfer when the Division approved the stock transfer application on or about October 16, 2001.
 {¶ 7} On November 5, 2002, the Liquor Control Commission ("Commission") heard the case.
 {¶ 8} On November 14, 2002, the Commission revoked appellant's liquor permit.
 {¶ 9} On November 27, 2002, appellant timely filed its notice of appeal with the Court of Common Pleas, Franklin County, Ohio.
 {¶ 10} On September 3, 2003, the common pleas court upheld the order of the Commission, revoking appellant's liquor permit.
 {¶ 11} On appeal, appellant has assigned as error the following:
I. The Franklin County Common Pleas Court erred when it found the order of the Liquor Control Commission was supported by reliable, probative and substantial evidence.
II. The Franklin County Common Pleas Court erred when it found that the order of the Liquor Control Commission was in accordance with law because the order violates the United States and Ohio Constitiutions.
 {¶ 12} In its first assignment of error, appellant argues the trial court's order was not supported by reliable, probative and substantial evidence.
 {¶ 13} R.C. 119.12 governs the standard to be used by a common pleas court when reviewing an order of an administrative agency. That section states, in part:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 {¶ 14} Ohio courts have found that, under R.C. 119.12, a finding of some reliable, probative and substantial evidence in the record is enough to uphold the decision of the administrative agency. Our Place, Inc. v. Liquor Control Commission (1992),63 Ohio St.3d 570, 571.
 {¶ 15} The Ohio Supreme Court has defined the evidence required by R.C. 119.12 as:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc., at 571.
 {¶ 16} This court, when reviewing a decision by the common pleas court concerning an administrative order has noted that an appellate court's standard of review is "limited to whether the trial court abused its discretion in finding the Commission's order was supported by reliable, probative and substantial evidence or that it was in accordance with law." Proffitt v.Ohio Liquor Control Commission, Franklin App. No. 03AP-158, 2003-Ohio-5039.
 {¶ 17} The Ohio Supreme Court has stated that the role of an appellate court when reviewing a trial court's judgment of an administrative appeal is to determine if the trial court has abused its discretion. Domsitz v. Liquor Control Commission
(Feb. 19, 2002), Franklin App. No. 01AP-810, quoting Lorain CitySchool Dist. Bd. of Educ. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261. An abuse of discretion has been found to mean, "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In the case at hand, Ms. Fine acquired a controlling interest in appellant in July 1995 when her then partner, Mr. Beaty, transferred 49 of his 50 shares of stock to Ms. Fine. (Tr. 40.) At this point, there was no reason appellant could not have filed the necessary transfer application with the Division. R.C.4303.293, under which appellant was charged, clearly states, in part:
Whenever the person to whom a permit has been issued is a corporation and any transfer of that corporation's stock is proposed such that, following the transfer, the owner of the majority of shares of stock in the corporation would change, such proposed transfer of stock ownership shall be considered a proposed transfer of ownership of the permit, and application shall be made for a transfer of ownership.
 {¶ 19} The statute's plain meaning dictates that whenever a transfer of stock in a corporation occurs, and that transfer results in a change in the identity of the holder of the majority of shares in the corporation, an application for change in ownership of the liquor permit must be made.
 {¶ 20} Here, such change in ownership occurred in July 1995 when the deceased, Charles Beaty, transferred 49 of his 50 shares to Ms. Fine, making her owner of 99 of 100 shares of the corporation. At this point, it was incumbent that appellant file the appropriate liquor permit transfer. Inexplicably, appellant waited six years before filing the required stock transfer application on October 5, 2001.
 {¶ 21} It is apparent that appellant had a duty to file a transfer application in a timely manner. This it did not do. We therefore find that the common pleas court did not abuse its discretion in finding the commission's order was supported by reliable, probative and substantial evidence. Appellant's first assignment of error is not well-taken and is overruled.
 {¶ 22} In its second assignment of error, appellant argues the penalty in this case was excessive and therefore violative of Section 9, Article 1, Ohio Constitution and the Eighth Amendment to the United States Constitution, both of which prohibit excessive fines and cruel and unusual punishments.
 {¶ 23} Under R.C. 4301.25, the Commission is statutorily authorized to revoke a liquor permit that violates either of Chapters 4301 or 4303 of the Ohio Revised Code. The pertinent section reads, in part:
(A) The liquor control commission may suspend or revoke any permit * * * for the following causes:
* * *
(4) Assigning, transferring, or pledging a permit contrary to the rules of the commission[.]
 {¶ 24} In this case, appellant's license was revoked for violating R.C. 4303.27, 4303.29, and 4303.293.
 {¶ 25} This court has found that the Commission has the authority to revoke a liquor license where a violation has occurred. Domsitz, supra.
 {¶ 26} Here, appellant was found to have violated Ohio liquor law, therefore the revocation of appellant's liquor permit is clearly authorized under applicable Ohio law.
 {¶ 27} In Four Horsemen, Inc. v. Ohio Liquor ControlCommission (Sept. 16, 1997), Franklin App. No. 97APE05-612, this court found "[s]uspension and revocation of state-issued permits generally are remedial measures and not `punishment' subject to the protections of the Eighth Amendment." There, the Commission revoked the license of the permit holder for allowing illegal gaming on the premises in violation of Ohio liquor law.
 {¶ 28} Similarly, appellant here violated Ohio's liquor laws and the Commission found it appropriate to revoke its liquor license.
 {¶ 29} Further, this court is unable under Henry's Café,Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233, to modify the Commission's penalty. This court previously stated, "* * * Courts have no power to review penalties meted out by the commission. Thus, we have little or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh." Lindner v. Ohio Liquor Control Commission (May 31, 2001), Franklin App. No. 00AP-1430.
 {¶ 30} We find that the common pleas court did not abuse its discretion in finding the commission's order was not violative of the Ohio and United States Constitutions. Therefore, appellant's second assignment of error is not well-taken and is overruled.
 {¶ 31} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Klatt, JJ., concur.